# Rockman *v.* Philadelphia Stores Company, Appellant.

*Contracts—Written contracts—Parol promises—Inducement to execution—Evidence—Case for jury.*

Where the plaintiff, seeking to recover salary, proved a written contract, which did not state the term of employment, and then introduced very definite testimony from one of the subscribing witnesses, supporting his own evidence that he was induced to enter into the written contract by a promise that the employment should last until the first of the next year, the court committed no error in submitting the case to the jury, since there was no reason to take it from them on the ground that the proof was not clear, precise and indubitable.

398  ROCKMAN *v.* PHILA. STORES CO., Appellant.

Argued October 6, 1921.  Appeal, No. 43, Oct. T., 1921, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1919, No. 4048, on verdict for plaintiff, in the case of E. A. Rockman v. Benjamin Weinstock and Robbie Sheerr, copartners, trading as Philadelphia Stores Company, Weinstock and Sheerr, Proprietors. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.  Affirmed.

Assumpsit to recover salary due on contract.  Before McMICHAEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $386, and judgment thereon.  Defendant appealed.

*Errors assigned* were refusal to give binding instructions for defendant and refusal to enter judgment for defendant non obstante veredicto.

*H. P. Felger,* and with him *Benjamin M. Golder, S. Lloyd Moore, Allen M. Stearne,* and *Chas. B. Ermentrout,* for appellant.—The written contract was binding, and the parol evidence was inadmissible and the case should not have been submitted to the jury: Township to use v. Moore, 165 Pa. 229; Armour v. U. S. Express Co., 52 Pa. Superior Ct. 329; Baranski v. Wilmsen, 56 Pa. Superior Ct. 153.

It was for the court to determine the legal effect of the contract: Kimbrough v. Hoffman, 6 Pa. Superior Ct. 60.

*Albert S. Longbottom,* and with him  *G. Lawrence Pape* and *Robert J. Byron,* for appellee.—This case is within the exception to the parol evidence rule, where an attempt is made to use a written instrument in violation of a collateral promise, whereby the signature was obtained to the instrument: Federal Sales Co. v. Farrell, 264 Pa. 149.

OPINION BY TREXLER, J., March 3, 1922:

All the assignments, if error, are directed to the refusal of the court to give binding instructions for the defendants. We are therefor limited to the inquiry whether there was sufficient testimony produced by the plaintiff to warrant the submission of the case to the jury.

Plaintiff entered into a contract as follows:

"Philadelphia, March 21, 1919.
"I, E. A. Rockman do hereby accept employment with the Philadelphia Stores Company, as Manager of one said stores at a salary of $30.00 dollars per week and one dollar additional for each and every store opened, until I draw a salary of not less than sixty dollars or over, and then the said Philadelphia Stores Company shall make another agreement.

"We, the undersigned, representing the Philadelphia Stores Company, do hereby affix our signature this 21st day of March, 1919.

"Witnesses:          "PHILADELPHIA STORES COMPANY,
  "Benjamin Kinnard, Jr.    Weinstock & Sheer, Props.
  "Benjamin Weinstock."

There is nothing in this contract which definitely states the term of employment. The salary of thirty ($30) dollars per week and one dollar additional for each store opened, was to be the salary until said salary amounted to sixty ($60) dollars.

The plaintiff and Benjamin Kinnard, Jr., one of the subscribing witnesses, testified that there was a definite promise made to Mr. Rockman that his employment should continue until the first of the year. Plaintiff testified that this was the inducement which led him to enter into the contract. The witnesses testified very definitely as to their recollection of the transaction, and the promise being simple in its terms, there was no reason for the court to take the matter from the jury on the

ground that the proof was not clear, precise and indubitable.

There was an effort made to weaken the testimony of Mr. Kinnard by some question as to what he had testified to in a former trial, but as the testimony taken in that trial was not produced, the effort failed.

The court committed no error in leaving the matter to the jury, and they having decided in favor of the plaintiff, he is entitled to recover. The assignments of error are overruled, and judgment is affirmed.